UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BOB RUSSELL BAKER,<br><br>　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　Defendant. | NO. CV-10-344-RHW<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are cross-Motions for Summary Judgment (ECF No. 13, 16). Plaintiff is represented by Jeffrey Schwab. Defendant Commissioner of Social Security is represented by Jeffrey McClain, Special Assistant U.S. Attorney. Plaintiff brought this action seeking review of the final decision of the Secretary denying Plaintiff's application for Supplemental Security Income Benefits under Sections 216(I) and 223 of the Social Security Act.

## JURISDICTION

Plaintiff's claim is properly before this Court pursuant to 42 U.S.C. § 405(g). On June 13, 2008, Plaintiff protectively filed an application for Supplemental Security Income (TR 134-137). After benefits were denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge (ALJ) that was held in Wenatchee, Washington on December 12, 2009 (TR. 92-99, 102-103). ALJ James W. Sherry presided over the hearing. *Id.* Plaintiff, who was represented by counsel testified, along with vocational expert Daniel

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

McKinney, Sr. (TR. 36-70). The ALJ denied benefits on January 22, 2010 (TR 11-33), and the Appeals Council denied review (TR 1-5).

## STANDARDS FOR EVALUATION

To establish eligibility for Social Security disability benefits, a claimant has the burden to prove he is disabled. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A claimant will be found eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . ." 42 U.S.C. § 423(d)(2)(A).

The Social Security Administration has set forth a five-step sequential evaluation process for determining disability. *See* 20 C.F.R. § 416.920(a); *Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). If the ALJ finds that the claimant is disabled or not disabled at a step, she will make her determination or decision and will not go on to the next step. § 416.920(a)(4). If she cannot determine whether the claimant is or is not disabled, she will go to the next step. *Id.*

At step one, the ALJ examines whether the claimant is engaged in substantial gainful employment activity. § 416.920(a)(4)(I). At step two, the ALJ assesses whether the claimant has a medically severe impairment or combination of impairments that significantly limits his ability to do basic work activities.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2**

§ 416.920(a)(4)(ii).  The "ability to do basic work activities" is defined as "the abilities and aptitudes necessary to do most jobs."  § 416.921(b).  At step three, the ALJ will consider the medical severity of the claimant's impairment.  If the claimant has an impairment(s) that meets or equals one of the listings in appendix 1 to subpart P of part 404 of 20 C.F.R. and meets the duration requirement, the ALJ will find the claimant disabled.  § 416.920(4)(iii).

Before the ALJ goes from step three to step four, the ALJ will assess the claimant's residual functional capacity.  § 416.920(4).  At step four, the ALJ considers the assessment and relevant past work.  If the claimant can still do past relevant work, the ALJ will find that the claimant is not disabled.  § 416.920(4)(iv).  At the fifth and last step, the ALJ will consider the assessment as well as the age, education and work experience of the claimant to see if an adjustment can be made to other work.  If an adjustment to other work can be made, the ALJ will find the claimant not disabled.  If the claimant cannot make an adjustment to other work, the ALJ will find the claimant disabled.  At step five, the burden of production shifts to the Commissioner to identify jobs existing in significant numbers in the national economy that the claimant can perform.  *Thomas v. Barnhart*, 278 F.3d 947, 955 (9th Cir. 2002).  The Commissioner can meet this burden through the testimony of a vocational expert or by reference to the Medical Vocational Guidelines at 20 C.F.R. Part 404, Subpart. P, Appendix 2.  *Id.*  If the Commissioner meets her burden, the claimant has failed to establish disability. *Id.*

## STATEMENT OF THE CASE

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here.  Plaintiff was 23 years old at the time of the hearing (TR. 40).  He attended public school through the 8th grade and ultimately obtained his GED (TR. 41).  When in school, he was in special education classes (TR. 43-44).  He is unmarried and lives with his mother, who is disabled (TR. 41,

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3**

51). Plaintiff has never been gainfully employed (TR. 42). He testified that he has difficulty lifting and carrying items because his right shoulder will dislocate (TR. 45-47). He is able to pop it back into the socket, but he will experience excruciating pain for about ten minutes before it eventually subsides (TR. 51). Plaintiff estimated that his shoulder will dislocate two to four times a day (TR. 47). Plaintiff also testified that he experiences fainting spells, which has been referred to as syncope (TR. 48). He also complained of difficulty in bending, and has difficulty using his hands for typing or writing because they will cramp up after about 10 minutes (TR. 52-53, 55). He also testified that he has trouble remembering to complete tasks and he complained of a lack of energy (TR. 56). He reported that he goes to the grocery store daily, but he has to limit the amount of groceries that he can carry (TR. 51). He does not have a driver's license, because he does not have money to pay for insurance (TR. 49). His hobbies include playing video games (TR. 54).

## THE ALJ'S DECISION

The ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act (TR. 14). At **step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 13, 2008, the application date (TR. 16). At **step two**, the ALJ found that Plaintiff had the following severe impairments: chronic right shoulder subluxation and labral tear; recurrent syncope; and attentional deficit hyperactivity disorder. *Id*. At **step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 17).

At **step four**, the ALJ found that Plaintiff had the residual capacity to perform sedentary to light exertional work as defined in 20 C.F. R. § 416.967(b) with lifting limited to up to 20 pounds at a time; only frequent lifting or carrying of

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4**

10 pounds; standing and walking for a total of 6 hours in an 8 hour day; sitting for a total of 6 hours in an 8 hour day and unlimited pushing and pulling without lifting restrictions and the contemplation of work with a sit/stand option (TR. 19-20). Additionally, Plaintiff should only occasionally climb ladders, rope or scaffolds and reach overhead above the shoulder with the right upper extremity. *Id.* Plaintiff should also avoid even moderate exposure to unprotected heights or moving machinery. *Id.* The ALJ concluded that Plaintiff could perform simple, routine and repetitive work that would not have a strict time or production requirement. *Id.*

At **step five**, the ALJ considered Plaintiff's age, education, work experience, and residual functional capacity and concluded that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform (TR. 27). Specifically, he concluded that Plaintiff could perform the requirements of representative unskilled occupations such as a "table worker" or "product inspector" and "packing machine operator." *Id.* As such, he ruled that Plaintiff was not disabled. *Id.*

### PLAINTIFF'S CHALLENGES TO THE ALJ DECISION

Plaintiff argues that the ALJ's decision is not supported by substantial evidence and the ALJ did not apply the proper legal standard. Specifically, Plaintiff challenges the ALJ's findings at step four that Plaintiff is capable of sedentary to light exertional work. According to Plaintiff, he is only capable of sedentary work. Second, Plaintiff asks that this case be remanded for a full psychological assessment pursuant to 20 C.F.R. § 416.919a(b).

### STANDARD OF REVIEW OF THE ALJ DECISION

In *Edlund v. Massanri*, the Ninth Circuit set out the standard of review this Court uses in reviewing the ALJ's decision:

> The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5**

*Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner*, 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed de novo, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).
253 F.3d 1152, 1156 (9th Cir. 2001).

"As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant.... [T]he Commissioner must provide clear and convincing reasons for rejecting the uncontradicted opinion of an examining physician. . . . [T]he opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons. . . ." *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995) (quotation marks omitted).

## ANALYSIS

1. **Review of the ALJ's Functional Capacity Assessment**

Plaintiff argues that the ALJ should have found a residual functional capacity assessment that limited Plaintiff to sedentary work instead of finding him capable of sedentary to light exertional work. He argues that the ALJ incorrectly weighed the medical evidence, and failed to find that the left shoulder impairment was a severe impairment.

The Government points out that even if the ALJ erred in finding that Plaintiff was capable of light exertional work, such an error was inconsequential given that the job as a table worker is performed at the sedentary level of exertion

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6**

*See Dictionary of Occupational Titles* (4th ed. Rev. 1991).[1]  The Court agrees that even if the ALJ should have found that Plaintiff was limited to sedentary work, it is inconsequential because Plaintiff is not challenging the ALJ's conclusion that he can perform the sedentary job of table worker.  *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054-55 (9th Cir. 2006) (discussing harmless error analysis in the Social Security context).

Moreover, substantial evidence in the record supports the ALJ's conclusion that Plaintiff is capable of sedentary to light exertional work.  In making his determination that Plaintiff is capable of sedentary to light exertional work, the ALJ relied on the opinions of Grant Taylor, M.D., Guillermo Rubio, M.D., Thomas McKnight, Ph.D, Thomas Genthe, Ph.d, Mary A. Gentile, Ph.D, and Rita Flanagan, Ph.D (TR. 24-25).  Plaintiff argues that the ALJ should have given more weight to the opinions of John Cash, M.D. and Kelly Welz, LRNP, who were Plaintiff's treatment providers.[2]

Plaintiff challenges the ALJ's failure to find that he has a severe impairment with his left shoulder.  However, the records from these treatment providers

---

[1] The DOT defines sedentary work as: Exerting up to 10 pounds of force occasionally (Occasionally: activity or condition exists up to 1/3 of the time) and/or a negligible amount of force frequently (Frequently: activity or condition exists from 1/3 to 2/3 of the time) to lift, carry, push, pull, or otherwise move objects, including the human body. Sedentary work involves sitting most of the time, but may involve walking or standing for brief periods of time. Jobs are sedentary if walking and standing are required only occasionally and all other sedentary criteria are met. *Dictionary of Occupational Titles* (4th ed. Rev. 1991). Appendix C.

[2] The ALJ did refer to these treatment providers in identifying Plaintiff's severe impairments (TR. 16).

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7**

indicate that Plaintiff's complaint was right shoulder instability. Although the left shoulder is mentioned, it is clear in the documentation that Plaintiff's complaints were based on the instability in the right shoulder. The x-rays and MRI were conducted on the right shoulder. The substantial evidence does not support a finding that Plaintiff had a severe impairment with his left shoulder.

Both Dr. Cash and Ms. Welz concluded that Plaintiff's overall work level would be sedentary work, which means "the ability to lift 10 pounds maximum and frequently (2.5 to 6 hours in an 8-hour day) lift and/or carry such articles as files and Small tools (TR. 465, 470). A sedentary job may require sitting, walking and standing for brief periods." *Id.* On the other hand, Dr. Taylor found that there should be no restrictions on the number of hours that Plaintiff could be expected to stand, walk or sit in an eight-hour day and no restrictions on lifting and carrying weights (TR. 394).

In making his determination, the ALJ considered Plaintiff's statement that he could not lift more than 50 pounds, his mother's statement that he can lift 50 pounds, as well as Plaintiff's statement that he cannot lift more than 2 to 10 pounds with either extremity (TR 24). He also considered Plaintiff's report that he did all the grocery shopping, most of the housework, including the cooking, cleaning, vacuuming and taking out the garbage, as well as playing video games in concluding that Plaintiff was able to complete sedentary to light exertional jobs. *Id.*

The ALJ recognized that there were some inconsistencies in the medical evidence; as a result, the ALJ weighed the evidence to determine whether Plaintiff was disabled (TR.24-26). The ALJ gave great weight to the opinions of Nga Truong, Norman Staley, M.D., Alan Kutsch, and Guillermo Rubio, M.D., who provided residual functional capacity assessments (TR. 25). He noted that the state agency reports and evaluations and residual functional capacity were supported by

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8**

the consultative examination conducted by Grant Taylor, M.D., and he accorded great weight to Dr. Taylor's conclusions. *Id.* He also gave great weight to the opinions of Dr. Flanagan, Dr. Genthe and Dr. Gentile with respect to the residual functional capacity. *Id.* He assigned less weight to the opinion of Thomas McKnight, Ph.D because Dr. McKnight's limitations contrasted with other evidence of the record and was unclear with respect to an ADHD diagnosis. *Id.*

On the other hand, the ALJ gave the opinions of Dr. Cash and ARNP Welz some weight, although less weight than the other medical sources because they relied heavily on the subjective symptoms and limitations provided by Plaintiff (TR. 26). He noted that their opinions were minimally consistent with the relatively benign clinical findings discussed by Dr. Rubio. *Id.* The ALJ believed that these examiners did not set forth a persuasive rationale in support of their opinions and concluded that these examiners did not necessarily constitute treating sources. *Id.*

By rule, the Social Security Administration favors the opinion of a treating physicians over non-treating physicians. 20 C.F.R. § 416.927(d). However, if their opinions are inconsistent with other substantial evidence, the ALJ must consider the following factors in determining the weight to give the opinion: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) level of support provided for an opinion; (4) the consistency of the opinion; and (5) the level of specialization; as well as any other factors presented to the ALJ which would support or contract the opinion. *Id.*

Here, as set forth above, the finding by Dr. Cash and ARNP Welz that Plaintiff can complete sedentary jobs is inconsistent with the opinions of the other medical sources. Even so, the ALJ did not completely reject the opinions, but considered their findings in determining Plaintiff's residual functioning capacity.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9**

More importantly, the ALJ gave "specific and legitimate reasons" supported by substantial evidence in the record for weighing the competing testimony. *See Lester,* 81 F.3d at 830. In this case, the ALJ considered the numerous inconsistencies between Plaintiff's testimony and the evidence of the record, and the subjective nature of Plaintiff's complaints and alleged limitations to conclude that Plaintiff retained the ability to perform sedentary to light exertion work activities despite his impairments.

The Court finds that substantial evidence supported the ALJ's residual functional capacity determination that Plaintiff was able to complete sedentary and light exertional work activities. Moreover, even if the ALJ erred and Plaintiff is only capable of completing sedentary work activities, substantial evidence in the record supports the ALJ's conclusion that Plaintiff is capable of making a successful adjustment to other work, namely "table worker" or "product inspector" sedentary jobs that exist in significant numbers in the regional and national economy.

2.  **Remand for Mental Evaluation**

Plaintiff asserts that his case should be remanded for a full psychological assessment with additional testing under the guideline of 20 C.F.R. § 404.1519a. In developing the residual functional capacity, the ALJ considered the opinions of Dr. Genthe, Ph.D., who opined that Plaintiff had ADHD, Mary Gentile, Ph.D, who opined that Plaintiff had moderate difficulties in maintaining concentration, persistence, and pace; and Rita Flanagan, Ph.D., who affirmed Dr. Gentile's evaluation in concluding that Plaintiff had a severe impairment that caused significant limitation in Plaintiff's ability to perform basic work activities (TR. 17). Additionally, the ALJ considered Dr. McKnight's opinion that Plaintiff seemed capable of employment in jobs that involve two-step and three-step repetitive tasks, but that speed may be an issue (TR. 25).

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10**

A claimant for social security benefits carries the burden of proving she is disabled. 42 U.S.C. § 423(d)(5)(A); *Valentine*, 574 F.3d at 689. "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). When the record allows the ALJ to evaluate the evidence and make a disability determination based on substantial evidence, the ALJ is under no obligation to further develop the record. *Id.* Here, the opinions of McKnight, Genthe, Gentile, and Flanagan were not ambiguous, nor was the record inadequate for the ALJ to properly evaluate the evidence. Thus, there is no basis to require the ALJ to further develop the record.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 13) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 16) is **GRANTED**.

3. The District Court Executive is directed to enter judgment in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 4th day of April, 2012.

*s/Robert H. Whaley*

ROBERT H. WHALEY
United States District Judge

Q:\aCIVIL\2010\Baker\order.wpd

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11**